IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**HERBERT PHILLIP MALONE**                                                                  **PETITIONER**

VS.                                         **NO. 4:06-CV-00261-WRW**

**U.S. PAROLE COMMISSION**                                                                  **RESPONDENT**

<u>ORDER</u>

Pending are Petitioner's Motion for Writ of Mandamus (Doc. No. 1), Motion to Set Aside Judgment (Doc. No. 3), and Motion for Leave to Proceed In Forma Pauperis (Doc. No. 6).

Although it is artfully pled, this is clearly a 28 U.S.C. § 2241 motion. The Eighth Circuit has held that a petitioner may not circumvent § 2241 procedural requirements by bringing successive § 2241 action under another name.[1] When a petitioner is attempting to circumvent these procedural requirements, a court may reclassify the petitioner's motion. Typically a court must warn a petitioner before reclassifying his pleading as a § 2241 motion.[2] However, this warning does not apply to a petitioner who has presented a previous § 2241 motion and had the opportunity to bring all of his collateral challenges in the previous motion.[3]

Since I am reclassifying Plaintiff's motion as a § 2241 motion, it is a successive § 2241 motion.[4] As amended in April 1996 by the Antiterrorism and Effective Death Penalty Act, § 2241 requires that all successive § 2241 motions be certified by the appropriate court of appeals before they are considered by the district courts. Because Petitioner failed to obtain certification from the Eighth Circuit Court of Appeals, his motion must be dismissed for lack of jurisdiction.

---

[1] *See United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (listing numerous cases).

[2] *Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002).

[3] *See Willoughby v. United States*, 2002 WL 31548082, *3 n. 1 (D. Minn. Nov. 12, 2002); *Sheldon v. Hollingsworth*, 2005 WL 846220, *2 (D. Minn. Apr. 4, 2005).

[4] *See Hebert Malone v. U.S. Parole Commission*, 4:05CV01177JFF (E.D. Ark 2005) (Plaintiff raised identical issues under a § 2241 motion, which were denied).

-2-

Accordingly, Petitioner's Motion for Writ of Mandamus (Doc. No. 1), interpreted as a § 2241 habeas motion, Motion to Set Aside Judgment (Doc. No. 3), and Motion for Leave to Proceed In Forma Pauperis (Doc. No. 6) are DENIED.

IT IS SO ORDERED this 11th day of April, 2005.


    /s/ Wm. R.Wilson,Jr.           
  UNITED STATES DISTRICT JUDGE